IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMARR KELLAM, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 2:10-cv-01644-JCJ |
| v. | : | |
| | : | |
| INDEPENDENCE CHARTER SCHOOL, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S,
INDEPENDENCE CHARTER SCHOOL, MOTION TO DISMISS COMPLAINT**

Defendant, Independence Charter School ("ICS"), by and through its undersigned counsel, submits the following law and arguments in support of its Motion to Dismiss the Complaint filed by Plaintiff, Jamarr Kellam, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.   PROCEDURAL HISTORY**

Plaintiff's employment with ICS was terminated on November 16, 2004.  On January 20, 2006, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") charging ICS with race-based discrimination.  **The charge was filed beyond the applicable 180 day statute of limitation.**  On January 28, 2010, the EEOC issued a Notice of Right to Sue.  Plaintiff then filed the instant employment discrimination action with this Court on April 14, 2010.

**II.   STATEMENT OF FACTS**

This is a race discrimination in employment action, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. §2000(e), *et seq.*), 42 U.S.C. §1981, and the Pennsylvania Human Relations Act ("PHRA") (43 P.S. §951 *et seq.*).  Plaintiff complains that he

was discriminated against based on his employer's decision to terminate his employment pursuant to the Pennsylvania Public School Code of 1949 (24 P.S. §1-101, *et seq.*), and the law pertaining to criminal background checks for school employees, 24 P.S. §1-111, as amended.

Plaintiff Jamarr Kellam was employed *at-will* by ICS in September 2003, as a Lunchroom Assistant. In the fall of 2004, however, ICS received notice from the Pennsylvania Department of Education stating that the Department would strictly enforce 24 P.S. §1-111 as it relates to charter schools. The statute requires criminal background checks for prospective employees of public and private schools, and others working around children. The law <u>prohibits</u> the employment of those convicted for certain enumerated offenses, such as aggravated assault (18 Pa.C.S. §2702), within five (5) years of the background check.

ICS, in the process of renewing its charter with the Philadelphia School District, had no choice but to terminate Mr. Kellam due to a prior criminal conviction for an enumerated offense. The conviction was within the five-year period from the background check. The school informed Mr. Kellam that its decision was based solely on the Commonwealth's decision to enforce 24 P.S. §1-111 against the school. The termination was effective November 16, 2004.

On January 20, 2006, Mr. Kellam, who is African-American, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") charging ICS with race-based discrimination. **The charge was filed beyond the applicable 180 day statute of limitation.**

Although the charges were sparse in detail, the EEOC interpreted Mr. Kellam's complaint to assert a claim of disparate impact discrimination. The EEOC summarily issued a determination that ICS's compliance with 24 P.S. §1-111 constituted a "blanket policy or practice of excluding individuals from employment on the basis of their conviction records" having a "disparate impact

on Blacks and Hispanics…" ICS vehemently disputes the accusation, stating it was only following the law, not employing a discriminatory policy. The EEOC issued a Notice of Right to Sue letter on or around January 28, 2010.

### III. QUESTIONS PRESENTED

1. Whether, the Complaint must be dismissed as Plaintiff failed to timely and appropriately exhaust administrative remedies with the EEOC and/or the PHRC, thereby barring his Title VII and PHRA claims.

**Suggested Answer:** Yes.

### IV. LEGAL ARGUMENT

#### A. STANDARD OF REVIEW

The determining issue in a motion to dismiss for failure to state a claim is whether the plaintiff can offer evidence to support its claims. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Supreme Court has made clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, …" *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 at 1964-1965 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 at 1949 (2009) (citing, *Twombly*, 550 U.S. at 570).

#### B. PLAINTIFF'S 42 U.S.C. SECTION 1981 CLAIM WAS NOT FILED WITHIN THE APPLICABLE STATUTE OF LIMITATIONS AND MUST THEREFORE BE DISMISSED

Plaintiff's 42 U.S.C. §1981 ("Section 1981") claim is governed by either a two-year Pennsylvania statute of limitations applicable to personal injury claims (42 Pa.C.S. §5524 ) or a four-year federal statute of limitations applicable to actions arising under federal statutes enacted

after December 1, 1990 (28 U.S.C. §1658).  *See*, *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836 (2004); *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S. Ct. 2617 (1987); *Kovoor v. School Dist. of Philadelphia*, 2004 U.S. App. LEXIS 3792 (3d Cir. 2004).

Neither Count I nor Count II of Plaintiff's Complaint specifically addresses the Section 1981 claim.  However, the "Introduction" section appears to assert a Section 1981 claim "as amended by the Civil Rights Act of 1991," invoking the four-year statute of limitations.  Regardless, Plaintiff's Section 1981 claim is clearly time-barred.  **The instant lawsuit was not filed until well over five years following plaintiff's termination of employment.**  Accordingly, Plaintiff's Section 1981 claim is time-barred and must be dismissed.

    **C.**    **PLAINTIFF'S TITLE VII CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO FILE AN ADMINISTRATIVE CHARGE OF DISCRIMINATION WITH ANY AGENCY WITHIN TIME LIMITS**

Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) permits a plaintiff to file suit only after exhausting administrative remedies by pursuing its claims with the EEOC and/or applicable State or local agencies.  *See*, 42 U.S.C. § 2000e-5.  *See* also, *Love v. Pullman Co.*, 404 U.S. 522, 523, 30 L. Ed. 2d 679, 92 S.Ct. 616 (1972).  The Third Circuit has held, "[t]he preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are 'essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action.'" *Anjelino v. New York Times Co.*, 200 F.3d 73, 93 (3d Cir. 1999) (citing, *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394 (3d Cir. 1976)).  Accordingly, "[a] complainant may not bring a Title VII suit without having first received a right-to-sue letter." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (E.D. Pa. 2001) (citing, *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999), *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)).

Plaintiff's race discrimination claim is untimely under Title VII. In a deferral state such as Pennsylvania, a Title VII charge must be filed within 300 days of the event giving rise to the claim. 42 U.S.C. § 2000e-5(c); *Delaware State College v. Ricks*, 449 U.S. 250 (1980). "[O]nly events that occurred during the 300-day period prior to filing ... are actionable under Title VII." *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir. 1996) (upholding dismissal of untimely Title VII claims because those events occurred outside the 300-day period prior to filing). Events which are not made the subject of a timely charge of discrimination are nothing more than unfortunate events in past history having no current legal consequences. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). Thus, only events that occurred during that 300-day period prior to filing – between March 25, 2005 and January 20, 2006 – are actionable under Title VII. Again, Plaintiff asserts in his Complaint that his employment was terminated on November 16, 2004, well more than 300-days prior to filing his complaint with the EEOC. *See* Complaint, pg. 4, ¶ 20. Accordingly, Plaintiff's Title VII race discrimination claim relating to his employment termination is untimely and must be dismissed.

Although Plaintiff allegedly completed a Charge Questionnaire with the EEOC on March 15, 2005, the questionnaire was not sufficient to constitute a charge of discrimination to toll the statute of limitations. The Supreme Court has established the criteria for evaluating whether an informal filing or questionnaire is sufficient to constitute a charge of discrimination in the context of an Age Discrimination in Employment Act (ADEA) claim. *See*, *Federal Express Corp v. Holowecki*, 552 U.S. 389, 128 S. Ct. 1147 (2008). The filing "must be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Id*. at 1158.

A charge should include "a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id*. at 1157-58.

The plaintiff in *Holowecki* did more than submit an intake questionnaire (Form 283); she submitted a six-page detailed affidavit describing the allegedly wrongful acts of her employer and requesting action by the EEOC.  In the Court's view, these documents together were sufficient to constitute a charge of discrimination because they suggested the party was requesting action rather than merely seeking counseling.  The Court explained:

> Petitioner maintains the filing was still deficient because it contained no request for the agency to act. Were the Intake Questionnaire the only document before us we might agree its handwritten statements do not request action. …
>
> In this case, however, the completed questionnaire filed in December 2001 was supplemented with a detailed six-page affidavit. At the end of the last page, respondent asked the agency to "[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created within their application of Best Practice/High-Velocity Culture Change."  This is properly construed as a request for the agency to act.

*Holowecki*, 552 U.S. 389 at 405.

The *Holowecki* decision did not address the issue of tolling a statute of limitations. Rather, the issue concerned the 60-day waiting period to file suit under the ADEA, which is triggered by the filing of a charge of age discrimination.  Thus, the Court was primarily concerned that the improper filing caused the parties to lose the opportunity to informally resolve their dispute through the ADEA's informal dispute resolution process prior to commencement of formal litigation.  The Court noted the "unfortunate" result was that the employer was unable to engage the claimant in conciliation efforts prior to the filing of the lawsuit. *Holowecki*, 552 U.S. 389 at 407.

Courts have been careful not to interpret *Holowecki* more broadly than its narrow, fact-specific holding.  *See*, *e.g.*, *Fava-Crockett v. Boehringer Ingelheim Pharm., Inc.*, 2008 U.S. Dist. LEXIS 34955 (W.D. Pa. 2008) (applying the *Holowecki* analysis, the court found that a six-paragraph letter entitled "Charge of Discrimination," accompanied by an Intake Questionnaire, was sufficient to constitute a charge of discrimination); *Glodek v. Jersey Shore Bank*, 2009 U.S. Dist. LEXIS 77118 (M.D. Pa. 2009) (a PHRC intake questionnaire filed with the EEOC with a request that it be construed as a complaint was deemed sufficient to constitute a charge).  *But see*, *Barzanty v. Verizon Pa., Inc.*, 361 Fed. Appx. (recognizing that because an EEOC intake questionnaire is for counseling purposes and is not shared with the employer, it cannot be allowed to transfer the allegations mentioned only in the questionnaire to the charge itself); *Carr v. New Jersey*, 2010 U.S.Dist. LEXIS 59987 (D.N.J. 2010) (noting that an intake questionnaire may not be used to define the scope of a plaintiff's Title VII claim); *Park v. Howard Univ.*, 71 F.3d 904, 909 (D.C. Cir. 1995) (treating "Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant").

Here, Plaintiff Kellam's EEOC Intake Questionnaire cannot suffice to toll the statute of limitations applicable to his Title VII claim.  Unlike *Holowecki*, in the instant case Plaintiff was *tardy* in filing his claim – not premature.  The unfortunate result is not that ICS has missed the opportunity to engage in informal dispute resolution, rather, ICS has had its rights to a fair defense severely prejudiced through Plaintiff's unreasonable delay.  "The limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protects employers from the burden of defending claims arising from employment decisions that are long past." *Delaware State College v. Ricks*, 449 U.S. 250, 256, 101 S. Ct. 498 (1980).  Here,

Plaintiff did not initiate proceedings with the filing of a formal charge with the EEOC until well beyond the 300 day statute of limitations.

Furthermore, a careful examination of Kellam's Intake Questionnaire reveals that it is insufficient to meet the specific criteria set forth in *Holowecki*. The questionnaire does not contain a request that the EEOC take remedial action to protect Kellam's rights or otherwise settle a dispute with ICS. The boxes checked on the second page of the document indicate that Plaintiff had not sought assistance from a "union, an attorney, or from any other source." *See*, Complaint, Exhibit A. Further, Plaintiff had not filed a complaint with any "other Federal, State, or Local Government Anti-discrimination agency." *Id.* He had not "filed an EEOC Charge in the past." *Id*. The third page of the questionnaire further indicates that Plaintiff had not "filed the harm [he is] alleging on the attached form with any agency. *Id*. Nor had Plaintiff scheduled any "appointment for an interview" with any agency. *Id.*

Moreover, the questionnaire is peculiar in that it appears to misidentify Kellam's employer on the second page, stating: "*Methodist* cannot show a business necessity for firing me for my criminal conviction." *Id*. The questionnaire was by no means a formalized charge, and did not request the EEOC to take action. Unlike *Holowecki* and the cases cited above, the questionnaire was not accompanied with a letter or some other writing asking that it be received as a formal charge or that the EEOC take formal action. Accordingly, the questionnaire was insufficient as a matter of law, to constitute a timely charge of discrimination, and Plaintiff's lawsuit must be dismissed.

> D. **PLAINTIFF'S PENNSYLVANIA HUMAN RELATIONS ACT CLAIM MUST LIKEWISE BE DISMISSED AS PLAINTIFF FAILED TO FILE A TIMELY ADMINISTRATIVE CHARGE WITH THE PHRC**

To bring suit under the PHRA, a plaintiff must, likewise, first exhaust his administrative remedies by filing a charge with the Pennsylvania Human Relations Commission ("PHRC"). A

complaint must be filed with the PHRC within 180 days of date of the alleged discrimination. 43 Pa. Stat. §§ 959(a), 962; *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925-26 (3d Cir. 1997). A plaintiff's failure to file a timely complaint with the PHRC precludes him from maintaining a lawsuit under the PHRA. *See, Clay v. Advanced Comp. Apps.*, 522 Pa. 86, 95, 559 A.2d 917, 921 (1989) (finding that employees who failed to pursue remedies under PHRC could not bring a judicial action under the PHRA). Plaintiff filed his complaint of discrimination with the PHRC on January 20, 2006. Thus, only events that occurred during that 180-day period prior to filing – between July 24, 2005 and January 20, 2006 – are actionable under the PHRA. In this case, Plaintiff asserts in his Complaint that his employment termination occurred on November 16, 2004. *See,* Complaint, pg. 4, ¶ 20. Having failed to file his PHRC charge relating to his 2004 employment termination within the required 180-day period, Plaintiff's PHRA race discrimination claim is untimely and must be dismissed.

Moreover, Plaintiff's Intake Questionnaire was not "dual-filed" with the PHRC until January 20, 2006. *See*, Complaint, pg. 2, ¶ 7. On January 20, 2006, Plaintiff completed a formal charge of discrimination wherein he requested that the charge be filed with both the EEOC "and the State or local Agency, if any." *See*, Complaint, Exhibit B. The intake questionnaire makes clear that Kellam had not initiated proceedings with, or even contacted the PHRC in 2005. As the Third Circuit stated in *Woodson v. Scott Paper Co.*:

> A plaintiff cannot "initiate PHRC proceedings as required by the PHRA merely by filing with the EEOC. Whether a plaintiff has initiated PHRC proceedings under the PHRA is a state law issue. The worksharing agreement [with the EEOC] says nothing about whether a plaintiff has invoked PHRC procedures if the PHRC has never received his or her claim, nor could it, given that the Pennsylvania Supreme Court held in *Fye v. Central Transportation Inc.*, 487 Pa. 137, 409 A.2d 2 (Pa. 1979), that EEOC procedures are not a sufficient surrogate for PHRC remedies.

*Woodson*, 109 F.3d at 926-7.

"The Pennsylvania courts have strictly interpreted [the PHRA administrative requirements] and have repeatedly held that 'persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act." *Woodson*, 109 F.3d 913, 925 (quoting *Vincent v. Fuller Co.*, 532 Pa. 547, 616 A.2d 969, 974 (Pa. 1992)). "Filing a federal charge with the EEOC does not satisfy this requirement unless the plaintiff requests that the EEOC charge be dual-filed with the PHRC and that the EEOC forwarded the charge to the PHRC prior to the expiration of the 180-day filing period." *Bastl v. Citizens Bank of Pa.*, 2008 U.S. Dist. LEXIS 86578 at 32-33 (3d Cir. 1997).

Here, the Complaint on its face demonstrates that Plaintiff failed to request that a charge be dual-filed with the PHRC prior to the expiration of the applicable 180 day statute of limitations. The PHRC never received Kellam's claim prior to the expiration of the limitations period because Plaintiff had only completed a questionnaire with the EEOC. Plaintiff did not request any action from any agency prior to January 20, 2006. Accordingly, Plaintiff's PHRA claim and the entire action is time-barred and must be dismissed.

## V.   CONCLUSION

For all the foregoing reasons, Defendant Independence Charter School respectfully requests that this Honorable Court grant its Motion and dismiss all claims filed against Defendant with prejudice.

Respectfully submitted,

**Segal McCambridge Singer & Mahoney, Ltd.**

Dated: July 16, 2010         By:      */s Brian W. Franklin*
                                      Walter H. Swayze, III, Esquire
                                      PA 59101

1731409-1                              10

                        Brian W. Franklin, Esquire
                        PA 202523
                        Suite 1700, United Plaza
                        30 South 17th Street
                        Philadelphia, PA  19103
                        Phone:           (215) 972-8015
                        Telefacsimile:  (215) 972-8016
                        Attorneys for Defendant,
                        Independence Charter School