## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMARR KELLAM** | : | |
| | : | **Civil Action No. 2:10-cv-01644** |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **INDEPENDENCE CHARTER SCHOOL** | : | |
| | : | |
| Defendant | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Mr. Jamarr Kellam ("Mr. Kellam" or "Plaintiff"), hereby responds to Defendant's Motion to Dismiss Amended Complaint.

**I.     INTRODUCTION**

Mr. Kellam's (race: black) employment was terminated by Independence Charter School (hereinafter "Defendant") on November 16, 2004 because of a blanket policy or practice of excluding individuals from employment on the basis of their conviction records.

On March 15, 2005--approximately 120 days after his termination and well within the statute of limitation--Mr. Kellam completed a charge questionnaire with the Equal Employment Opportunity Commission ("EEOC").  See Exhibit A.  On the charge questionnaire, Mr. Kellam provided his full name, address and telephone number as the person making the charge.  See

Exhibit A.  Mr. Kellam also wrote down the name of the employer, Independent Charter School,

and provided its address and telephone number as the entity against whom the charge was made.

Mr. Kellam also indicated that Defendant terminated his employment on November 16, 2004 and

told him it was because of his criminal record.  See Exhibit A.  Mr. Kellam stated that

Defendant's policy of excluding individuals from employment on the basis of their conviction

records has an adverse impact on African Americans.  See Exhibit A.  Mr. Kellam also indicated

that he had not filed a complaint about the instant action with the Pennsylvania Relations for

Human Commission (hereinafter the "PHRC") or any other federal, state, or local government

anti-discrimination agency.  See Exhibit A.  Mr. Kellam verified the charge and signed his name.

See Exhibit A.

On January 20, 2006--approximately 420 days after Mr. Kellam's termination and beyond

the statute of limitation--the EEOC perfected Mr. Kellam's charge by preparing a formal charge

of discrimination and requested that Mr. Kellam sign this formal charge.  See Exhibits K and B.

Mr. Kellam promptly signed the perfected, formal charge of discrimination.  See Exhibit K.

Also on January 20, 2006, the EEOC provided Mr. Kellam with an election form to dual-

file his charge with the EEOC and the Pennsylvania Human Relations Commission.  See

Exhibits K and L.  Again, Mr. Kellam promptly signed this form.  See Exhibits K and L.  The

EEOC never informed Mr. Kellam prior to January 20, 2006 that he had to file a charge with the

PHRC within 180 days from the date of his termination.  See Exhibit K.

The EEOC dual-filed Mr. Kellam's charge of discrimination with the PHRC.  See Exhibit

B.  On February 16, 2006, the EEOC forwarded a copy of Mr. Kellam's charge of discrimination

to Defendant.  See Exhibit C.  The EEOC also requested that Defendant provide a position

statement as well as copies of any supporting documentation by March 20, 2006 to be considered

as part of its investigation of Mr. Kellam's charge of race discrimination.  <u>See</u> Exhibit C.  The

EEOC further provided the Defendant with an opportunity to resolve the issues of through

mediation or settlement.  <u>See</u> Exhibit C.

On or around March 15, 2006, Defendant, by and through its attorneys, provided the

EEOC with its response and position statement to Mr. Kellam's charge of discrimination.  <u>See</u>

Exhibit D.  A mediation was held between Mr. Kellam and the Defendant on April 3, 2006.  <u>See</u>

Exhibit E.  However, the parties were not able to come to an agreement during the mediation.

<u>See</u> Exhibit K.

The EEOC further investigated Mr. Kellam's charge and afforded the Defendant with an

opportunity to submit documentation on June 29, 2007 to support its position, even though the

due date for submission of these documents was March 20, 2006.  <u>See</u> Exhibit F.

On July 10, 2009, the EEOC issued a detailed determination finding against Defendant in

favor of Mr. Kellam.  <u>See</u> Exhibit G.

On August 6, 2009, Defendant asserted, for the first time, that Mr. Kellam's charge of

discrimination was untimely because it was not served with the charge until February 16, 2006.

<u>See</u> Exhibit H.  On August 7, 2009, the EEOC responded to Defendant's letter, stating that Mr.

Kellam's charge of discrimination was timely because the information it [the EEOC] received

from Mr. Kellam on March 15, 2005 was sufficient to constitute a charge within the required

period.  <u>See</u> Exhibit I.  The EEOC enclosed a proposed Conciliation Agreement with its

response.  <u>See</u> Exhibit I.

Between September and December 2009, Defendant sent several letters, which in effect requested reconsideration of the cause determination issued by the EEOC on July 10, 2009 and instead requested that the EEOC dismiss Mr. Kellam's charge as untimely filed.  The EEOC thoroughly reviewed Defendant's request and denied its request for dismissal.  See Exhibit J.

On April 14, 2010, within ninety (90) days from the receipt of his notice of right to sue, Mr. Kellam filed a complaint with this court, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").  On July 16, 2010, Defendant filed a motion to dismiss Mr. Kellam's complaint pursuant to F.R. C. P. 12(b)(6) on the basis that Mr. Kellam failed to file his administrative claim within "the applicable 180 [sic] day statute of limitation."  As discussed more fully below, Defendant is simply wrong.

## II.   STANDARD OF REVIEW

### A.   Standard for a Rule 12(b)(6) Motion

In deciding a motion to dismiss under Rule 12(b)(6), a Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 253 (3d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968 n.8 (2007)). To withstand a motion to dismiss under Rule 12(b)(6), the complaint need only state a claim "with enough factual matter (taken as true) to suggest" the required element. Twombly at 1965; see also, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). This pleading standard "does not impose a probability requirement at the pleading stage," but instead "simply calls for

4

enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. <u>Phillips</u> at 234. Indeed, a plaintiff in an employment discrimination lawsuit is not required in his complaint to establish the elements of a prima facie case. <u>Twombly</u> at 1973-74 (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 (2002)).

Accordingly, "a claim . . . may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." <u>Twombly</u>, 127 S. Ct. at 1968 n.8 (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (a district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims"); <u>Leimer v. State Mut. Life Assur. Co.</u>, 108 F.2d 302, 305 (8th Cir. 1940) ("[I]f, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial, establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted"); <u>Continental Collieries, Inc. v. Shober</u>, 130 F.2d 631, 635 (3d Cir. 1942) ("No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it.")).

A court has discretion to accept evidence outside the complaint when ruling on a motion to dismiss. <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1462 (3d Cir. 1992). For example, the court may consider documents attached to or submitted with the complaint, as well as legal arguments presented in memorandums or briefs and arguments of counsel. <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir. 2002) (citing 62 Fed. Proc., L. Ed. § 62:508). Additionally, a document integral to or explicitly relied upon in the complaint may be considered without converting a motion to dismiss into one for summary judgment. In <u>Re Burlington Coat Factory Securities Litigation</u>, 114 F.3d 1410 (3d Cir. 1997).

**III.**   **ARGUMENT**

A.   <u>This Court Should Not Dismiss Plaintiff's Title VII Claims Because Plaintiff's March 15, 2005 Charge Questionnaire Sufficiently Constitutes as an EEOC Charge of Discrimination.</u>

In a deferral state such as Pennsylvania, an EEOC charge alleging violations of Title VII must be filed within 300 days of the event giving rise to the claim.  42 U.S.C. §2000e-5(c); <u>Seredinski v. Clifton Precision Prods. Co.</u>, 776 F.2d 56, 61 (3d Cir. 1985).  Title VII does not define the term "charge."  <u>See</u> <u>Edelman v. Lynchburg College</u>, 535 U.S. 106 (2002).  However, courts have regularly held that for a litigant to have his/her complaint qualify as an EEOC charge, he/she must put the charge in writing, name the respondent, and give a description of the allegedly discriminatory acts.  <u>See</u> 29 C.F.R. § 1601.12.  Courts have also held that if a filing is to be deemed a charge, it must be reasonably construed as a request for the EEOC to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.  <u>See</u> <u>Federal Express Corp. v. Holowecki</u>, 552 U.S. 389, 128 S.Ct. 1147, 1158 (2008).

The charge questionnaire, which Mr. Kellam completed on March 15, 2005-- approximately 120 days after his termination and well within the statute of limitation--clearly constitutes as an EEOC Charge within the definition of 29 C.F.R. §1601.12, which states:

"B.   <u>29 C.F.R. §1601.12  Contents of Charge; Amendment of Charge</u>

(a)   Each [EEOC] charge should contain the following:

(1)   The full name, address and telephone number of the person making the charge except as provided in §1601.7;

(2)     The full name and address of the person against
whom the charge is made, if known (hereinafter referred
to as the respondent);

(3)     A clear and concise statement of the facts, including
pertinent dates, constituting the alleged unlawful
employment practices: See §1601.15(b);

(4)     If known, the approximate number of employees of
the respondent employer or the approximate number
of members of the respondent labor organization, as the
case may be; and

(5)     A statement disclosing whether proceedings
involving the alleged unlawful employment practice have
been commenced before a State or local agency charged
with the enforcement of fair employment practice laws and,
if so, the date of such commencement and the name of the
agency.

(b)     Notwithstanding the provisions of paragraph (a) of this
section, a charge is sufficient when the Commission receives from
the person making the charge a written statement sufficiently
precise to identify the parties, and to describe generally the action
or practices complained of. A charge may be amended to cure
technical defects or omissions, including failure to verify the
charge, or to clarify and amplify allegations made therein. Such
amendments and amendments alleging additional acts which
constitute unlawful employment practices related to or growing out
of the subject matter of the original charge will relate back to the
date the charge was first received. A charge that has been so
amended shall not be required to be redeferred."

On the charge questionnaire, Mr. Kellam provided his full name, address and telephone

number as the person making the charge.  See Exhibit A.  Mr. Kellam also wrote down the name

of the employer, Independent Charter School, and provided its address and telephone number as

the entity against whom the charge was made.  Mr. Kellam also indicated that Defendant

terminated his employment on November 16, 2004 and told him it was because of his criminal

7

record. See Exhibit A. Mr. Kellam stated that Defendant's policy of excluding individuals from employment on the basis of their conviction records has an adverse impact on African Americans. See Exhibit A. Mr. Kellam also indicated that he had not filed a complaint about the instant action with the Pennsylvania Relations for Human Commission (hereinafter the "PHRC") or any other federal, state, or local government anti-discrimination agency. See Exhibit A. Mr. Kellam verified the charge and signed his name. See Exhibit A.

Additionally, the charge questionnaire, which Mr. Kellam completed on March 15, 2005, must be construed as a request for the EEOC to take remedial action to protect his rights or otherwise settle a dispute between the employer and the employee. In fact, the EEOC actually took remedial action to protect Mr. Kellam's rights by preparing a formal charge of discrimination; docketing it, sending the formal charge to the Defendant; corresponding with both Mr. Kellam and the Defendant and investigating the claims raised by Mr. Kellam; and ultimately issuing a cause determination in Mr. Kellam's favor. In the Holowecki case cited by Defendant in its motion, the EEOC never even notified the employer of the charge.

For the foregoing reasons, it is clear that the charge questionnaire Mr. Kellam completed on March 15, 2005--which is well within the statute of limitation--sufficiently constitutes as an EEOC charge of discrimination.

B.    This Court Should Not Dismiss Plaintiff's Title VII Claims Because Doing So Would Be Against Public Policy.

Just as courts generally defer to an agency's reasonable interpretations of the statute when it issues regulations in the first instance, see Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-845, 104 S.Ct. 2778, 81 L.Ed. 2d 694 (1984), the EEOC is entitled to further deference when it adopts a reasonable interpretation of regulations it has put in

force.  See Howlecki, 128 S.Ct. at 1155 (citing Auer v. Robbins, 519 U.S. 452, 461, 117 S.Ct.

905, 137 L.Ed. 2d 79 (1997) ("Under Auer, we accept the agency's position unless it is 'plainly

erroneous or inconsistent with the regulation.'").

In this case, the EEOC's position that Mr. Kellam's charge questionnaire was a valid

charge, which the EEOC received in a timely manner, should be accepted by this Court because

there is no evidence that the EEOC's position is "plainly erroneous or inconsistent with the

regulation."  On the contrary, as William D. Cook, Enforcement Manager with the EEOC, noted

in his August 7, 2009 letter to Defendant,

> "… while the charge may not have been '*perfected*' or *docketed* until after
> the 300-day statute of limitations, the Commission hereby asserts
> jurisdiction in this matter because information sufficient to constitute a
> charge was *received* within the required 300-day period.  This assertion is
> consistent not only with EEOC's Procedural Regulations but with the U.S.
> Supreme Court's affirmation of those Regulations in Edelman v.
> Lynchburg College, 535 U.S. 106 (2002)." (Emphasis original).

See Exhibit I.

Additionally, courts hold that the documents filed with the EEOC by an employee should

be construed, to the extent consistent with permissible rules of interpretation, to protect the

employee's rights and statutory remedies.  See Holowecki, 128 S.Ct. at 1160; Holender v. Mut.

Indus. N., Inc., 527 F.3d 352, 355 (3d Cir. Pa. 2008).  In this case, the fact that the EEOC did not

perfect Mr. Kellam's charge, or that it did not docket or forward the formal charge of

discrimination, until after the statute of limitation had run out is irrelevant to Mr. Kellam because

the charge questionnaire he completed on March 15, 2005--which is well within the statute of

limitation--was deemed by the EEOC as a valid and sufficient charge.  Further, the EEOC

deemed to have received the charge on March 15, 2005 and asserted jurisdiction in Mr. Kellam's

claims.  For this reason, Mr. Kellam should not be penalized simply because the overworked

EEOC--burdened by a tremendous backlog of cases--did not act sooner after it received a valid

charge from Mr. Kellam.

C.      This Court Should Not Dismiss Plaintiff's Title VII Claims Because Even Though the
        Defendant Did Not Receive the Formal Charge Until February 16, 2006, It Was Afforded
        Every Opportunity to Engage in an Informal Dispute Resolution and a Fair Defense.

        Incredibly, Defendant discusses the  Holowecki case, 552 U.S. 389 (2008), to support its

argument that it "has had its rights to a fair defense severely prejudiced through Plaintiff's

unreasonable delay."  Defendant's argument is disingenuous.  In the Holowecki case, the EEOC

never notified the employer of the charge of discrimination; hence, the employer's interests were

given a short shrift, for it was not notified of the complaint until it was filed in court. Holowecki,

552 U.S. at 407.

        Unlike Holowecki, Defendant in this case was given notice regarding the nature and

scope of the charge as well as an opportunity to resolve the issues through mediation or

settlement.  See Exhibit C.  On or around March 15, 2006, Defendant, by and through its

attorneys, provided the EEOC with its response and position statement in its defense.  See

Exhibit D.  A few weeks later, Defendant attended a mediation with Mr. Kellam but did not

resolve the issues.  See Exhibit E.  On June 29, 2007, Defendant was afforded with additional

opportunity to submit documentation to support its position, even though the due date for the

documentation had passed.  See Exhibit F.  On August 7, 2009, approximately one month after it

made a determination against the Defendant, the EEOC sent a proposed Conciliation Agreement

to Defendant.  See Exhibit I.  However, Defendant failed to engage in any informal dispute

resolution, requesting only that the EEOC reconsider its determination on the basis that

Defendant did not receive Mr. Kellam's formal charge of discrimination until February 16, 2006.

Thus, it is clear that Defendant had been given ample opportunity for a fair defense of its

position as well as ample avenue for voluntary compliance and settlement, without resort to

litigation.  Any statement to the contrary is false.

D.       This Court Should Not Dismiss Plaintiff's PHRA Claims Because Equitable Tolling
         Excuses Plaintiff's Untimely Filing with the PHRC.

1.       *Plaintiff's complaint was filed with the PHRC.*

As stated previously, the EEOC received Mr. Kellam's charge questionnaire on March 15,

2005--well within the statute of limitation--and viewed this charge questionnaire as a valid

EEOC charge.  On January 20, 2006, the EEOC perfected Mr. Kellam's original charge and

docketed the formal charge of discrimination.  Mr. Kellam signed the formal charge of

discrimination on the same day.  See Exhibit B.  Also on that same day, the EEOC provided Mr.

Kellam with a form to elect to dual-file his EEOC Charge with the Pennsylvania Human

Relations Commission.  See Exhibit K.  Again, Mr. Kellam promptly signed the election form.

See Exhibit L.  The EEOC cross-filed the formal charge of discrimination with the PHRC on

February 16, 2006.  See Exhibit B.

2.       *The doctrine of equitable tolling should allow Plaintiff to assert his PHRA claims.*

As Defendant states, generally, a complaint must be filed with the PHRC within 180 days

of the date of the alleged discrimination.  43 Pa. Stat. §§ 959(a), 962; Woodson v. Scott Paper

Co., 109 F.3d 913, 925-26 (3d Cir. 1997).  However, 16 PA. CODE § 42.14(a) provides that "the

computation of the 180 days does not include a period of time which is excludable as a result of

waiver, estoppel or equitable tolling." 16 PA. CODE § 42.14(a); see also, Brennan v. National

11

Telephone Directory Corp., 850 F.Supp. 331, 341 (E.D.Pa. 1994).  There are three principal,

although not exclusive, situations in which equitable tolling may arise.  Oshiver v. Levin,

Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  First, equitable tolling will be

"allowed where the plaintiff actively pursues his [or her] judicial remedies but files a defective

pleading during the statutory period, such as filing in the wrong forum."  Altopiedi v. Memorex

Telex Corp., 834 F. Supp. 800, 806 (M.D. Pa. 1993) (citing Irwin v. Dep't of Veterans Affairs,

498 U.S. 89, 94-97 (1990); Kocian v. Getty Refining & Marketing Co., 707 F.2d 748, 753 (3d

Cir. 1983), cert. denied, 464 U.S. 852 (1983)).  Second, equitable tolling will be recognized

"where the deadline for filing has passed due to the plaintiff's reliance on his adversary's

misconduct or misrepresentation."  Altopiedi, 834 F. Supp. at 806 (citing Irwin, 498 U.S. at 96;

Kocian, 707 F.2d at 753).  Third, courts find equitable tolling "where the plaintiff was prevented

from asserting his rights in some 'extraordinary way.'"  Id., at 806 (citing Kocian, 707 F.2d at

753).

In this case, the doctrine of equitable tolling should allow Mr. Kellam to assert his PHRA

claims.  First, Mr. Kellam was unassisted by counsel until this instant action.  See Exhibit K.

Second, January 20, 2006 was the first time that the EEOC advised Mr. Kellam that he had to file

a charge with the PHRC within 180 days from the date of his discharge.  See Exhibit K.  Third,

courts have applied the equitable tolling for protection from the EEOC's inaction or

misinformation, especially where the plaintiff is an unrepresented lay person.  See e.g., Jones v.

Baskin, Flaherty, Elliot and Mannino, P.C., 738 F.Supp. 937, 940 (W.D. Pa. 1989).

Fourth, when Mr. Kellam was provided with the perfected, formal charge of discrimination and

the form to dual file his EEOC charge with the PHRC, he promptly followed the EEOC's

12

instructions and signed these documents on the same day.  For these reasons, it would be unfair

and callous to punish Mr. Kellam for the bureaucratic delay and/or the inaction of the EEOC.

See Altopiedi v. Memorex Telex Corp., 834 F.Supp. 800 (E.D. Pa. 1993).

Finally, Defendant's reliance on Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1997)

and Bastl v. Citizens Bank of Pa. (2008 U.S. Dist. LEXIS 86578 (3d Cir. 1997) is misplaced.

Unlike Mr. Kellam, the plaintiff in the Woodson case never filed a complaint directly with the

PHRC, nor was the complaint ever dual-filed with the EEOC and the PHRC.  Further, the

plaintiff in the Woodson case never notified the EEOC that the charge should be filed with both

agencies, even though he was explicitly informed in writing that he had to file a complaint with

the PHRC within 30 days, or lose his rights to relief under state law safeguarded by filing under

the PHRA.

Likewise, the plaintiff in the Bastl case submitted a questionnaire to the PHRC but did

not sign or execute the formal complaint within the deadline after the PHRC perfected it.

Further, in the Bastl case, the plaintiff's counsel specifically requested that the PHRC transfer the

matter to the EEOC, but did not request the EEOC to dual-file the charge with the PHRC once

the case was transferred.

For the foregoing reasons, the doctrine of equitable tolling should allow Mr. Kellam to

assert his PHRA claims.

D.      Plaintiff Did Not Assert a 1981 Claim in His Complaint.

Because Mr. Kellam did not assert a 1981 claim in his Complaint, Defendant's argument

that Plaintiff's 1981 claim is time-barred is of no value or meaning.

IV.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint should

be denied.

Respectfully Submitted,

THE POST LAW FIRM

/s/  May Mon Post

Dated: July 28, 2010

May Mon Post, Esquire, ID 90154
Attorney for Plaintiff
1735 Market Street, Suite A-194
Philadelphia, PA  19103
TEL: (267) 335-3068
FAX: (267) 599-9398
e-mail: mpost@postlawyer.com