IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMARR KELLAM,                          :
                                        :
                Plaintiff,              :    CIVIL ACTION
                                        :
        v.                              :    No. 10-cv-1644
                                        :
INDEPENDENCE CHARTER SCHOOL,            :
                                        :
                Defendant.              :


**MEMORANDUM AND ORDER**

**Joyner, J.**                              **August 17, 2010**

        This case is now before the Court on Defendant's Motion to
Dismiss (Doc. No. 8).  For the reasons set forth below, the
Motion is DENIED.

**Factual Background**[1]

        Plaintiff is a black male who was employed by Defendant from
September 2003 until November 16, 2004.  Plaintiff was hired as a
part-time Lunchroom Assistant, but was promoted to the position
of full-time Lunchroom Assistant on September 1, 2004.  Plaintiff
states that he always performed his job in a satisfactory manner,
and that the sole reason for his termination was a prior
conviction for aggravated assault in 1999.  Plaintiff asserts
that he disclosed this criminal history on his application and

_____

        [1]In line with a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, all factual
allegations are viewed in the light most favorable to the non-moving party.
Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations
omitted).

that his termination came as a result of the enforcement of a blanket policy without any consideration of the nature of his job, the nature or seriousness of the offense, or the amount of time that had passed since his conviction. Defendant does not contest this fact, and, rather, asserts that it received notice from the Pennsylvania Department of Education in September of 2004 that the Department would strictly enforce 18 Pa. Cons. Stat. § 2702, which prohibits the employment of individuals who have been convicted of certain offenses (including aggravated assault) within five years of beginning employment.

Following his termination, Plaintiff filled out a Charge Questionnaire with the Equal Employment Opportunity Commission ("EEOC") on March 15, 2005. This was converted into a formal Charge of Discrimination by EEOC personnel and was signed by Plaintiff on January 20, 2006, at which point it was dual filed with the Pennsylvania Human Relations Commission ("PHRC"). In this charge, Plaintiff asserted that Defendant's blanket policy of firing or refusing to hire those with criminal histories has a disparate impact on black males, and that Defendant had, therefore, discriminated against him on the basis of his race. The EEOC issued a right-to-sue letter on January 28, 2010. Plaintiff then filed his Complaint in this Court on April 14, 2010.

Plaintiff's Complaint brings two charges against Defendant

for its conduct.  First, in Count I Plaintiff asserts that
Defendant's employment practices violate Title VII of the Civil
Rights Act of 1964, as amended by the Civil Rights Act of 1991.
Count II then brings a similar charge pursuant to the
Pennsylvania Human Relations Act ("PHRA").  Plaintiff seeks
compensatory damages for lost wages and emotional pain and
suffering, punitive damages, attorney's fees, costs and interest,
as well as an allowance to compensate for negative tax
consequences.

## Standard

Federal Rule of Civil Procedure 12(b)(6) requires a court to
dismiss a complaint if the plaintiff has failed to "state a claim
on which relief can be granted."  In evaluating a motion to
dismiss, the court must take all well-pleaded factual allegations
as true, but it is not required to blindly accept "a legal
conclusion couched as a factual allegation."  Papasan v. Allain,
478 U.S. 265, 283, 286 (1986).  Although a plaintiff is not
required to plead detailed factual allegations, the complaint
must include enough facts to "raise a right to relief above the
speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544,
555 (2007).

## Discussion

Defendant's sole argument in its Motion to Dismiss is that
the statute of limitations has run on Plaintiff's claims, and

that we should, therefore, dismiss his Complaint.  Although the statute of limitations is an affirmative defense, courts have allowed defendants to assert affirmative defenses such as the statute of limitations by way of a motion to dismiss.  Davis v. Grusemeyer, 996 F.2d 617, 623 (3d Cir. 1993).  This is generally only permissible when the affirmative defense appears on the face of the complaint.  ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).  When facts or matters outside of the complaint are necessary to establish the affirmative defense, raising it under Rule 12(b)(6) is usually not permitted.  See Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 657 (3d Cir. 2003).

As an initial matter, the relevant dates are all included on the face of Plaintiff's Complaint and Plaintiff has also attached the Charge Questionnaire as well as the formal Charge of Discrimination filed with the EEOC and the PHRC.  The applicability of the statute of limitations is, therefore, appropriately before this Court on a 12(b)(6) motion.

In states such as Pennsylvania that have laws that cover the complained of employment discrimination and agencies authorized to enforce these laws, plaintiffs have 300 days to file a charge of discrimination with the EEOC.  42 U.S.C. § 2000e-5(c).  The purpose of this limitations period is both to protect those who promptly assert their rights as well as to protect employers from the burden of defending stale claims.  Del. State Coll. v.

Ricks, 449 U.S. 250, 256-57 (1980).  Under the PHRA, however,

plaintiffs have only 180 days from the act of discrimination to

file suit.  Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d

Cir. 1997).

The parties do not dispute the facts in this case, but do

disagree on the legal significance of these facts.  Plaintiff

completed the Charge Questionnaire at the EEOC 119 days after the

allegedly discriminatory act, but the formal charge was not

signed by him and filed until 430 days after the act of

discrimination, and this was the first time that any notification

of this charge was communicated to the PHRC.  Defendant asserts

that the completion of the Charge Questionnaire does not

constitute the filing of a charge, and that Plaintiff's formal

charge of discrimination was not made within the statute of

limitations period.  Defendant also asserts that regardless of

whether the completion of a Charge Questionnaire constitutes a

formal charge, this was not filed with the PHRC and Plaintiff

took no action in relation to his PHRA claim until over 400 days

after the discriminatory act, and that this claim, therefore,

must be dismissed.[2]  Plaintiff, however, argues that the filing

of a Charge Questionnaire should be sufficient to meet the

_____

[2]Defendant also makes an argument related to the applicable statute of
limitations for claims brought pursuant to 42 U.S.C. § 1981.  As this Court
does not see any portion of Plaintiff's Complaint that is brought pursuant to
this section, and as Plaintiff states in his response in opposition to
Defendant's Motion that he did not, in fact, bring such a claim, we will not
address that argument in this Memorandum.

statute of limitations and that this Court should defer to the EEOC's interpretation of its guidelines concerning what constitutes the filing of a charge. Specifically, Plaintiff notes that the EEOC rejected the argument that the statute of limitations barred his claim as it interpreted its guidelines to make the completion of a Charge Questionnaire sufficient to constitute a charge. Plaintiff further asserts that this Court should equitably toll the statute of limitations on the PHRA claim from the time that the Charge Questionnaire was completed.

**Count I**

First, we must determine whether the completion of the Charge Questionnaire constituted the filing of a charge with the EEOC. 29 C.F.R. § 1601.12(a) states that a charge must include at least the name, address, and phone number of the person making the charge, the name and address of the defendant, a statement of the facts on which the charge of discrimination is predicated, an approximate number of employees at the place of business, and whether the plaintiff has also filed a charge before the applicable state agency. "[A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Id. § 1601.12(b). In this case, it is the EEOC's position that the completion of a Charge Questionnaire is sufficient to constitute

6

a charge before the agency.  Although, on the one hand, a court should defer to reasonable interpretations of ambiguous statutory terms if the agency is granted the authority to issue regulations, Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-45 (1984), on the other hand the Third Circuit has held that there is an important distinction between "intake questionnaires," which are not given to the employer and are meant to allow the EEOC to determine whether it has jurisdiction over the claim, and "charge forms," which define the scope of investigation and give notice to the defendant. Barzanty v. Verizon Pa., Inc., 361 F. App'x 411, 415 (3d Cir. 2010).

First, although both parties extensively brief the implications of the case, we do not believe that the Supreme Court's decision in Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008), is controlling in this action.  In that case, the Court held that a charge under the Age Discrimination in Employment Act ("ADEA") must include at least "a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee."  Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008).  The Court also noted, in dicta, that the intake questionnaire at issue in that case likely would not constitute a charge under the ADEA if it was considered by itself.  Id. at

7

405.  Importantly, however, the Court cautioned that

> [w]hile there may be areas of common definition,
> employees and their counsel must be careful not to
> apply rules applicable under one statute to a different
> statute without careful and critical examination.  This
> is so even if the EEOC forms and the same definition of
> charge apply in more than one type of discrimination
> case.

Id. at 393.  In effect, therefore, the Supreme Court has
expressed disfavor with the precise argument advocated by
Defendant's counsel in this case.

In determining whether the Charge Questionnaire at issue in
this case can constitute a charge for purposes of Title VII, we
are not bound by the Supreme Court's holding or dicta in
Holowecki.  Even if we were to apply the same test as used in
that case, however, we believe that the Charge Questionnaire at
issue in this case can reasonably be seen as a request for agency
action.  As stated on the Charge Questionnaire, the "principal
purpose" for the form is to "solicit information" and "enable the
Commission to act on matters within its jurisdiction."  (Compl.
Ex. A.)  We find that Plaintiff's conduct was such that he
reasonably expected his actions in filling out the Charge
Questionnaire to set in motion the EEOC's enforcement proceedings
to receive relief for the alleged discriminatory actions
perpetrated against him.  Defendant's argument pursuant to
Holowecki, therefore, is both misplaced and unpersuasive.

Turning to the Third Circuit's holding in Barzanty, which

noted that an intake questionnaire and a formal charge form are different documents that serve different functions, we also do not believe that this case is dispositive.  The holding in Barzanty was in the context of a plaintiff attempting to raise claims in federal court that were not contained in her formal charge before the EEOC.  Under the established statutory framework, a plaintiff must exhaust her administrative remedies before resorting to private suit.  If a claim is initially mentioned in the charge questionnaire but is not included in the formal charge, then this claim is not exhausted.  Indeed, to allow a plaintiff to initially raise a claim with a Charge Questionnaire and then abandon it in his formal charge only to reassert that claim in federal court would completely subvert the exhaustion requirement.  This fact was noted by the Barzanty court in discussing the distinction between an intake questionnaire and a formal charge.  Barzanty, 361 F. App'x at 415 (stating that the conduct discussed above would "be circumventing the role of the Commission").  This, however, is a distinct consideration from whether the Charge Questionnaire is sufficient to constitute a charge for purposes of the statute of limitations.

The same policy considerations are not at issue when determining whether a charge has been filed in order to meet the statute of limitations.  The administrative framework established

for employment discrimination claims operates differently than the federal court system. The federal courts require an individual to immediately file a complaint to initiate proceedings. The EEOC, however, only requires that individuals fill out a questionnaire, which is then turned into a formal charge by employees at the EEOC. The action that a complaining individual is required to take, therefore, is complete after filling out the Charge Questionnaire. The completion of a formal charge is left, in the vast majority of circumstances, to the EEOC itself. In this case, 311 days passed from the time that Plaintiff filled out the Charge Questionnaire until the time that the formal charge was filed. If the formal charge was required in order to meet the statute of limitations, Plaintiff's claim would be time barred even if he had filed with the EEOC on the same day that the discriminatory action took place. To require a formal charge form to meet the statute of limitations, therefore, would effectively eliminate the plaintiff's ability to take advantage of the EEOC's help in preparing this charge. In this way, much as the Barzanty court did, we determine what is sufficient to constitute a charge in a way that will not allow or require a complaining individual to bypass the established administrative framework. Given the different purposes for the exhaustion and statute of limitation requirements and the impact that treating these requirements identically for purposes of

addressing the sufficiency of a charge would have, we do not find the Third Circuit's discussion in <u>Barzanty</u> to be controlling.

As neither of the parties have cited precedent from the Supreme Court or the Third Circuit that is dispositive in this case, and as the EEOC is authorized to issue regulations and the term "charge" in these regulations is ambiguous, we will address whether the EEOC's interpretation that the Charge Questionnaire is sufficient to constitute a charge is reasonable. Looking at Plaintiff's Charge Questionnaire, it does state his name, address, and telephone number and also includes the name and address of Defendant, a brief statement of the facts, and a statement that he has not filed a charge with any state anti-discrimination agency. The Charge Questionnaire does not have a space to indicate the number of employees that work for Defendant. It is, however, sufficient to give notice to the EEOC of the parties involved and the general nature of Plaintiff's charge of discrimination. Under these circumstances, we think that the EEOC's interpretation of its own guidelines is reasonable and that the Charge Questionnaire is sufficient for the purposes of the statute of limitations to constitute a charge.

As both the Supreme Court and Third Circuit precedents cited by the parties do not mandate a particular interpretation, and as the term "charge" in the EEOC guidelines is ambiguous and the

EEOC's interpretation that the Charge Questionnaire meets the requirements of a charge is reasonable, we will follow this interpretation.  In completing a Charge Questionnaire within 300 days of the allegedly discriminatory act, therefore, Plaintiff timely filed his charge of discrimination and the statute of limitations does not bar his claim under Title VII.

**Count II**

The parties do not dispute that no documentation was filed with the PHRC until the formal charge was dual filed with the EEOC and the PHRC on January 20, 2006, which was 430 days after the allegedly discriminatory act.  Plaintiff appears to assert both that the completion of the Charge Questionnaire with the EEOC was sufficient to constitute filing a charge with the PHRC and that if the EEOC's Charge Questionnaire did not constitute a charge with the PHRC, the statute of limitations should be equitably tolled from the time that the Charge Questionnaire was filed.

Whether a charge has been filed under the PHRA is a matter of state law.  Woodson, 109 F.3d at 926-27.  Importantly, "the Pennsylvania Supreme Court has strictly enforced the PHRA filing requirement."  Id. at 928.  In this case, we do not believe that the filing of a Charge Questionnaire with the EEOC is sufficient to constitute the filing of a charge with the PHRC.  First, the Charge Form itself contains a portion where individuals are asked

to state whether they have also filed a charge with the
applicable state anti-discrimination agency, and in a separate
form attached to the Charge Questionnaire filers are asked
whether a charge has been filed with an agency such as the PHRC.
Both of these certainly imply that some separate action is
required in order to file a charge of discrimination with the
PHRC, and in both of these places, Plaintiff checked the
appropriate space to indicate that he had not made such a charge.
Further, although the EEOC and the PHRC have a work-sharing
agreement for the initial investigation of discrimination
charges, this does not mean that filing a charge with one is
automatically sufficient to file a charge with the other.
Woodson, 109 F.3d at 926-27.  The PHRC had no notice of this
claim until Plaintiff elected to dual file the formal charge of
discrimination in January of 2006, and this was far beyond the
180-day limitations period for filing such a claim.  The fact
that the EEOC forms imply that separate action is required to
file a charge with the PHRC and that the work-sharing agreement
between the agencies does not obviate the need for dual filing
leads to the conclusion that Plaintiff did not file a charge with
the PHRC within the limitations period.

   Plaintiff's claim is saved, however, as we find that the
doctrine of equitable tolling should apply for the period between
the time that the Charge Questionnaire was filed with the EEOC

and the time that the formal charge of discrimination was dual
filed with the EEOC and the PHRC.  Pennsylvania's Administrative
Code explicitly allows for equitable tolling of the 180-day PHRA
filing period.  16 Pa. Code § 42.14(a)(2010).  Equitable tolling
is generally available in one of three circumstances:  first, if
the plaintiff actively pursued his claim but filed a defective
pleading within the statutory period; second, if the statutory
deadline passed due to the plaintiff's reliance on the
defendant's misconduct or misrepresentation; and third, if the
plaintiff has been prevented from asserting his rights in some
"extraordinary way."  Altopiedi v. Memorex Telex Corp., 834 F.
Supp. 800, 806 (E.D. Pa. 1993); Uber v. Slippery Rock Univ. of
Pa., 887 A.2d 362, 366 (Pa. Commw. Ct. 2005).

     In this case, there was no defective pleading or reliance on
Defendant.  We must determine, therefore, whether the
administrative scheme established by the EEOC and the PHRC
prevented Plaintiff from filing a charge with the PHRC in some
"extraordinary way."  As an initial matter, we again note that
this question is not directly answered by precedent, as Defendant
argues.  Woodson does not address a situation where, as here, a
charge was eventually filed with the PHRC; instead, in that case,
the plaintiff filed a charge with the EEOC, never dual filed with
the PHRC, and then brought a case in federal court asserting
claims under both the EEOC and the PHRC.  As discussed above, the

issue of exhaustion of remedies is distinguishable from the issue
of statutes of limitations.  Given this fact, we will move to a
consideration of the doctrine of equitable tolling.

Under the work-sharing program between the EEOC and the
PHRC, plaintiffs are not expected to complete charge
questionnaires or attend an interview at both agencies.  Further,
the administrative structure is such that walk-in, pro se
complainants are encouraged.  In this case, Plaintiff went to the
EEOC within the statute of limitations period and complained of
what he believed to be discriminatory conduct.  Through no fault
of his own, he then waited for over 300 days to receive a formal
charge form from the EEOC that he could then dual file with the
PHRC.  In order for Plaintiff to have met the applicable statute
of limitations under the PHRC, therefore, Plaintiff would have
had to file a Charge Questionnaire with the EEOC and then prepare
his own, separate charge that he could file with the PHRC.  This,
however, would entirely defeat the purpose of the work-sharing
agreement between the EEOC and the PHRC.  Further, the forms
given to Plaintiff along with his Charge Questionnaire implicitly
discourage his attending an interview with the PHRC after having
filed the Charge Questionnaire with the EEOC, as he is warned
that a failure to inform the EEOC of any such meeting could
result in delaying the ultimate disposition of his case.

Essentially, Plaintiff in this case complied with the

relevant administrative procedures in a timely fashion, and the delay was caused only by the EEOC, and not Plaintiff.  In these circumstances we do believe that the extraordinary delay between Plaintiff's filing of the Charge Questionnaire and the preparation of a formal charge that could be dual filed with the PHRC prevented Plaintiff from timely filing with the PHRC. Plaintiff cannot be required to go against the administrative framework and work-sharing agreement in order to meet the statute of limitations and cannot be punished for a delay that was occasioned solely by the EEOC.  Under these circumstances, we think it equitable to toll the statute of limitations from the date that Plaintiff filed his Charge Questionnaire with the EEOC until the date that the EEOC completed the formal charge for Plaintiff's signature.

Given that equitable tolling applies in this case, and that the statute of limitations was tolled for the period during which the EEOC was preparing the formal charge, Plaintiff's charge was timely filed with the PHRC.  Defendant's Motion to Dismiss due to the statute of limitations is, therefore, denied.

## Conclusion

Plaintiff's completion of the Charge Questionnaire for the EEOC constituted a charge of discrimination for purposes of Title VII's statute of limitations, and Count I will not be dismissed on these grounds.  Further, equitable tolling applies to the

statute of limitations on Plaintiff's PHRC claims, and it was, therefore, also timely filed.  For these reasons, Defendant's Motion to Dismiss will be DENIED.