# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMARR KELLAM, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 2:10-cv-01644-JCJ |
| v. | : |
| | : |
| INDEPENDENCE CHARTER SCHOOL, | : **DEFENDANT'S, INDEPENDENCE** |
| | : **CHARTER SCHOOL, ANSWER TO** |
| | : **PLAINTIFF'S COMPLAINT WITH** |
| Defendant. | : **AFFIRMATIVE DEFENSES** |
| | : |

## DEFENDANT'S, INDEPENDENCE CHARTER SCHOOL, ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Independence Charter School ("ICS"), by and through its attorneys, Segal McCambridge Singer & Mahoney, Ltd., hereby answers Plaintiff's Complaint as follows:

## INTRODUCTION

1. Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required and they are therefore denied. By way of further answer, ICS specifically denies that it violated any rights of Plaintiff afforded by the laws of the United States of America or the Commonwealth of Pennsylvania, including but not limited to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e), *et seq*. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. Section 951, *et seq*. ("PHRA").

## JURISDICTION AND VENUE

2. Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

3. Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

4. Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

5. Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

6. Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

7. Admitted in part; denied in part. It is admitted that the EEOC completed a Charge of Discrimination on January 20, 2006, and that a copy of said charge is attached to the Complaint. In all other respects, after reasonable investigation ICS is without sufficient information to admit or deny the remaining allegations contained within the corresponding paragraph and they are therefore denied. By way of further answer, the allegations contained within the corresponding paragraph are conclusions of law to which no response is required.

8. Admitted in part; denied in part. It is admitted that the EEOC issued a Notice of Right to Sue on or about January 28, 2010, and that a copy of said notice is attached to the Complaint. In all other respects, after reasonable investigation ICS is without sufficient information to admit or deny the remaining allegations contained within the corresponding paragraph and they are therefore denied.

**PARTIES**

9. Denied. After reasonable investigation ICS is without sufficient information to admit or deny the allegations contained within the corresponding paragraph.

10. Admitted.

11. Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

12. Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

**STATEMENT OF CLAIMS**

13. Defendant ICS incorporates its answers to the foregoing paragraphs as if fully set forth herein.

14. Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

15. Admitted in part; denied in part. It is admitted that Plaintiff was convicted of aggravated assault in 2001. In all other respects, after reasonable investigation ICS is without sufficient information to admit or deny the remaining allegations contained within the corresponding paragraph.

16. Admitted.

17. Denied. After reasonable investigation ICS is without sufficient information to admit or deny the allegations contained within the corresponding paragraph.

18. Denied. After reasonable investigation ICS is without sufficient information to admit or deny the allegations contained within the corresponding paragraph.

19. Denied. After reasonable investigation ICS is without sufficient information to admit or deny the allegations contained within the corresponding paragraph.

20. Denied. After reasonable investigation ICS is without sufficient information to admit or deny the allegations contained within the corresponding paragraph.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied. After reasonable investigation ICS is without sufficient information to admit or deny the allegations contained within the corresponding paragraph.

26. Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required. Strict proof thereof, if admissible, is demanded at the time of trial.

27. 1. [sic] Denied. The allegations contained within the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof, if admissible, is demanded at the time of trial.

28. 2. [sic] Denied. ICS specifically denies that it violated any rights of Plaintiff afforded by the laws of the United States of America or that the EEOC reached a binding determination on the merits of the dispute. The referenced document is a writing which speaks for itself.

## COUNT I
### (Race Discrimination/Disparate Impact)

29. 3. [sic] Defendant ICS incorporates its answers to the foregoing paragraphs as if fully set forth herein.

30. 4. [sic] Denied. The averments contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

31. 5. [sic] Denied. ICS specifically denies that it violated any rights of Plaintiff afforded by the laws of the United States of America. Strict proof thereof, if admissible, is demanded at the time of trial.

32. 6. [sic] Denied. ICS specifically denies that it violated any rights of Plaintiff afforded by the laws of the United States of America. Strict proof thereof, if admissible, is demanded at the time of trial.

33. 7. [sic] Denied. ICS specifically denies that it violated any rights of Plaintiff afforded by the laws of the United States of America or the Commonwealth of Pennsylvania. Strict proof thereof, if admissible, is demanded at the time of trial.

34. 8. [sic] Denied. ICS specifically denies that Plaintiff suffered any damages as alleged. Strict proof thereof, if admissible, is demanded at the time of trial.

35. 9. [sic] Denied. ICS specifically denies that Plaintiff is entitled to counsel fees as alleged. Strict proof thereof, if admissible, is demanded at the time of trial.

36. 10. [sic] Denied. ICS specifically denies that Plaintiff is entitled to punitive damages as alleged. Strict proof thereof, if admissible, is demanded at the time of trial.

## COUNT II
### (Race Discrimination/Disparate Impact)

37. 11. [sic] Defendant ICS incorporates its answers to the foregoing paragraphs as if fully set forth herein.

38. 12. [sic] Denied. ICS specifically denies that it violated any rights of Plaintiff afforded by the laws of the Commonwealth of Pennsylvania. Strict proof thereof, if admissible, is demanded at the time of trial.

39. 13. [sic] Denied. ICS specifically denies that Plaintiff suffered any damages as alleged. Strict proof thereof, if admissible, is demanded at the time of trial.

40. 14. [sic] Denied. ICS specifically denies that Plaintiff is entitled to counsel fees as alleged. Strict proof thereof, if admissible, is demanded at the time of trial.

41. 15. [sic] Denied. ICS specifically denies that Plaintiff is entitled to punitive damages as alleged. Strict proof thereof, if admissible, is demanded at the time of trial.

## PRAYER FOR RELIEF

42. 16. [sic] Defendant ICS incorporates its answers to the foregoing paragraphs as if fully set forth herein, and denies that Plaintiff is entitled to the relief requested. Strict proof thereof, if admissible, is demanded at the time of trial.

WHEREFORE, Defendant, Independence Charter School hereby demands judgment in its favor and against Plaintiff, together with the costs of this action and such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. The decision not to renew Plaintiff's employment contract was based upon legitimate business necessity and therefore was not a violation of Title VII of the Civil Rights Act of 1964 or the Pennsylvania Human Relations Act.

2. The decision not to renew Plaintiff's employment contract, pursuant to State law, was not a violation of Title VII of the Civil Rights Act of 1964 or the Pennsylvania Human Relations Act.

3. ICS does not maintain or employ a set policy or practice regarding the retention or hiring of an employee based on his or her criminal history.

4. As Plaintiff was an at-will employee, ICS was fully within its right to terminate Plaintiff and was under no duty to enumerate all of the reasons for his termination.

5. The actions taken by ICS that affected Plaintiff were based upon the good faith exercise of the responsibility imposed upon the school and its board members, agents and representatives to make professional judgments regarding the Plaintiff's qualifications for work

and have been made without any regard for Plaintiff's race.

6. ICS did not engage in unlawful discrimination towards Plaintiff.

7. Plaintiff has failed to demonstrate the necessary mitigation of his claimed or alleged damages.

8. Plaintiff is not entitled to an award of lost back pay, lost back pay differential or any other benefits or increments or any combination of these.

9. Plaintiff is not entitled to an award of front pay differential or front employment benefits or both, or any other benefits or any other increments.

10. Plaintiff is not entitled to compensatory or punitive damages or an award of damages for emotional distress.

11. Plaintiff is not entitled to attorneys' fees or costs.

12. Plaintiff is not entitled to any other type of damages or relief from ICS.

13. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

14. The Complaint, and each and every allegation thereof, is barred by the applicable statutes of limitation or statutes of repose.

15. The Plaintiff does not have standing to sue for the statutory violations asserted.

16. ICS is immune from suit under the Pennsylvania Political Subdivision Tort Claims Act (42 Pa.C.S. §8541).

17. Plaintiff's claims are barred by the doctrine of waiver.

18. Defendant intends to rely on or assert such other defenses which may become available or apparent during the course of discovery in this case, and Defendant expressly reserves the right to amend this Answer to assert any and all such defenses.

## DEMAND FOR JURY TRIAL

A trial by jury is hereby demanded.

Respectfully submitted,

**Segal McCambridge Singer & Mahoney, Ltd.**

Dated:  August 27, 2010         By:        /s Brian W. Franklin
                                                                 Walter H. Swayze, III, Esquire
                                                                 Brian W. Franklin, Esquire
                                                                 1818 Market Street, Suite 2600
                                                                 Philadelphia, PA  19103
                                                                 Phone:          (215) 972-8015
                                                                 Telefacsimile:  (215) 972-8016
                                                                 Attorneys for Defendant,
                                                                 Independence Charter School

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMARR KELLAM, : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 2:10-cv-01644-JCJ |
| v. : | |
| : | |
| INDEPENDENCE CHARTER SCHOOL, : | **CERTIFICATE OF SERVICE** |
| : | |
| : | |
| Defendant. : | |
| : | |

I, Brian W. Franklin, Esquire, hereby certify that on this 27th day of August, 2010, I served a true and correct copy of Defendant's Answer to Plaintiff's Complaint with Affirmative Defenses in the above-captioned matter via electronic filing upon:

May Mon Post, Esquire
The Post Law Firm
1735 Market Street, Suite A-194
Philadelphia, PA  19103-7502
**Attorney for Plaintiff**

**Segal McCambridge Singer & Mahoney, Ltd.**

By:     **/s Brian W. Franklin**
         Brian W. Franklin, Esquire
         1818 Market Street, Suite 2600
         Philadelphia, PA  19103
         Phone:         (215) 972-8015
         Telefacsimile:  (215) 972-8016

1781944-1                                 9