IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMARR KELLAM, : <br> : <br> Plaintiff, : CIVIL ACTION NO. <br> : 2:10-cv-01644-JCJ <br> v. : <br> : <br> INDEPENDENCE CHARTER SCHOOL, : <br> : <br> Defendant. : | |

**DEFENDANT INDEPENDENCE CHARTER SCHOOL'S REPLY
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Independence Charter School ("ICS") hereby responds to Plaintiff's "Motion for Summary Judgment" and/or opposition.[1]

### I. STATEMENT OF UNDISPUTED MATERIAL FACTS

ICS relies on its Statement of Undisputed Material Facts ("SUMF") filed in support of its Motion for Summary Judgment.

### II. LEGAL ARGUMENT

#### A. Plaintiff Concedes that 24 P.S. § 1-111, Not an Independent ICS Policy, Barred His Employment

Plaintiff concedes that ICS did not have its own independent policy precluding the hiring of individuals on the basis of criminal history/conviction record, but merely followed applicable state law in terminating Plaintiff.

---

[1] ICS objects to Plaintiff's "Motion for Summary Judgment" and/or opposition as untimely. The Court granted the parties until April 20, 2011, to file motions for summary judgment, and granted Plaintiff an additional extension to April 20, 2011, to file his opposition to Defendant's motion. Plaintiff's moving papers, which purport to be both a motion and opposition, were filed on April 21, 2011. To the extent Plaintiff's moving papers are permitted, ICS incorporates the arguments raised in its Motion for Summary Judgment as if fully stated herein.

> **"As an initial matter, Mr. Kellam does not contest the state law, 24 P.S. § 1-111; further, he is aware that Defendant had no separately created policy regarding employment of convicted felons."**

(Plaintiff's Memorandum of Law in opposition to Defendant's Motion for Summary Judgment, pgs. 10-11, emphasis added.)  Plaintiff, at last, acknowledges that ICS had no discriminatory policy.  Plaintiff cannot recover absent proof of "a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin …" 42 U.S.C. § 2000e-2(k).  Accordingly, summary judgment in ICS' favor must be granted.

To be clear, Plaintiff concedes that his employment violated 24 P.S. § 1-111, if he were an "applicant":

> "Mr. Kellam, however, asserts that 24 P.S. § 1-111 applies to *applicants for employment* with public and private schools, who have *direct* contact with students.  See 24 P.S. § 1-111.  Had Mr. Kellam been an applicant for employment with Defendant for a position which necessitated direct contact with students, he would agree with Defendant that the state law mandated that he not be hired for the position based on his criminal conviction.

(Plaintiff's Memorandum of Law in opposition to Defendant's Motion for Summary Judgment, pg. 11, emphasis original.)  But Mr. Kellam was an applicant at one time, and should not have been hired.  By adopting Plaintiff's reading of the law, the Court would be requiring ICS to continue to employ an individual whom the law forbade it from hiring in the first place.

Plaintiff's reasoning and interpretation of the law is disingenuous.  Legislative history reveals that 24 P.S. § 1-111, from its inception, was designed to protect minors from violent and/or sexual offenders most likely to recidivate and harm a vulnerable class.  The legislature, in its wisdom, determined that a five-year employment moratorium on those convicted of specified offenses was necessary for the protection of minors.  Plaintiff cedes this point, having failed to challenge the constitutionality of  24 P.S. § 1-111.  Plaintiff's conviction for felony aggravated assault was still less than five years old at the time of his termination.  ICS could not continue to employ him.  The law is clear.  Plaintiff cannot credibly dispute its application.

### B. <u>Plaintiff has Failed to Prove the Existence of an Alternative Practice</u>

ICS has established that its adherence with Pennsylvania law regarding employment of individuals with specific criminal convictions is consistent with business necessity. Therefore, the burden shifts back to the Plaintiff to either rebut that evidence or to prove that an "alternative employment practice" exists that "(1) serves the employer's legitimate goals as effectively as the challenged practice, and (2) results in less of a disparate impact." <u>El v. SEPTA</u>, 479 F.3d 232, 249 (3d Cir. 2007). Plaintiff not only failed to rebut the evidence, but acknowledged that 24 P.S. § 1-111, not an independent ICS policy, barred his employment. Plaintiff failed to offer any evidence of the existence of an adequate alternative practice.

Plaintiff's sole argument in support of his position is that ICS should have found a less harsh remedy, short of termination, to address his unlawful employment. But, Plaintiff points to no evidence that ICS had an open position not involving direct contact with children, for which he was qualified. To the contrary, Plaintiff concedes that all ICS employees, including Non-Teaching Assistants (NTAs), are in contact with the children at ICS, with varying levels of supervision.[2] (Defendant's SUMF, paragraph # 6.) Plaintiff concedes that **all** school employees must undergo background checks. (Defendant's SUMF, paragraphs # 10-13.) A charter school which violates any provision of the Charter School Law, or any provision of law from which the charter school has not been exempted, is subject to having its charter revoked, not renewed, forfeited, or surrendered, such that the school will cease to operate and must be dissolved. (Defendant's SUMF, paragraph # 14.)

Plaintiff further concedes that CEO, Jurate Krokys, upon realizing that 24 P.S. § 1-111 applied to the Plaintiff, consulted with school board members and persons with legal knowledge, and determined that Pennsylvania law did not allow ICS to exercise discretion in the matter.

---

[2] In failing to oppose ICS' Statement of Undisputed Facts, Plaintiff concedes all uncontested facts submitted by the defense concerning ICS' profile, policies and procedures, Plaintiff's criminal record, and applicable laws regulating charter schools, etc.

(Defendant's SUMF, paragraphs # 43-61.)  Board Member Michelle Campbell suggested that Plaintiff find a job in another field, and re-apply to the school after adequate time had passed. (Defendant's SUMF, paragraph # 66.)  She further offered to help Plaintiff in his employment search.  (Defendant's SUMF, paragraph # 67.)  However, Plaintiff indicated he would most likely pursue his own leads in the music industry.  (Defendant's SUMF, paragraph # 68.)  He never followed-up with Campbell on her offer of employment assistance.  (Defendant's SUMF, paragraph # 69.)  Plaintiff does not dispute these facts.  Plaintiff has not met his burden and, accordingly, summary judgment in ICS' favor must be granted.

### C. **Plaintiff Cannot Rely on Incarceration Statistics to Prove Impact in this Case**

Plaintiff's attempted reliance on Bureau of Justice incarceration statistics to establish proof of disparate impact in ICS' hiring is woefully flawed.  To prove causation through statistical evidence, "the statistics must be 'of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group.'"  *Newark Branch, NAACP v. City of Bayonne*, 134 F.3d 113, 121 (3d Cir. 1998) (*internal citations omitted*).  The statistics Plaintiff relies on pertain to national incarceration rates, rather than a policy or practice of ICS.  The substance and scope of the statistics are wholly irrelevant to the issues Plaintiff presents in the instant lawsuit.  The statistics do not address the numbers of blacks versus whites employed in the Philadelphia public and charter school system or at ICS in particular, the numbers of such applicants for employment, rates of hire, or the correlation between those figures and records of conviction for a particular offense.  Simply stated, the statistics Plaintiff relies on are of no use in the resolution of the issues herein presented.

Plaintiff's failure to obtain an expert opinion regarding the correlation of the Bureau of Justice Statistics to the present case, further precludes his use of the statistical data at trial.  The

statistics pertain to national incarceration rates rather than local rates of conviction for specific offenses and hiring practices specific to ICS.  If there is any correlation, it will require expert opinion testimony to adduce.  The trier of fact cannot be made to speculate as to the relevance of the statistical data.  *See, McNeil v. McDonough*, 648 F.2d 178, 182 (3d Cir. 1981) (causation will be proven only if the statistics do not require speculation by the court).  Plaintiff has failed to identify any expert qualified to interpret and apply the national statistical data to the case at hand.  Accordingly, the Court should accord it no weight on summary judgment.

### III.   CONCLUSION

For the foregoing reasons, Independence Charter School respectfully requests that this Court grant summary judgment in its favor and dismiss Plaintiff's Complaint in its entirety.

**Segal McCambridge Singer & Mahoney, Ltd.**

Dated:  April 27, 2011          By:        */s Brian W. Franklin*

Walter H. Swayze, III, Esquire
PA 59101
Brian W. Franklin, Esquire
PA 202523
1818 Market Street, Suite 2600
Philadelphia, PA  19103
Phone:          (215) 972-8015
Telefacsimile:  (215) 972-8016
Attorneys for Defendant,
Independence Charter School